IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,680-01






EX PARTE LUIS ROSALIO RAMIREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2004-1731-DWHC1 IN THE 362ND DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. Ramirez v.
State, No. 2-05-104-CR (Tex. App. - Fort Worth, March 31, 2005, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
argued at the guilt phase that a third person had committed the offense, when Applicant had never
claimed, and there was no evidence of, a third person having committed the offense, and this
argument undermined the credibility of the sudden passion defense presented at punishment; failed
to object to inadmissible inflammatory evidence, specifically, photographs of the crime scene and
the complainant; failed to object to the prosecutor's improper closing argument, including statements
weighing on Applicant's right to have counsel and present an exculpatory defense and statements
misconstruing the law of sudden passion; and failed to request a limiting instruction on evidence of
an extraneous offense presented at the punishment phase, specifically, Applicant's assault of his
previous wife.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 21, 2007

Do not publish